1  Jeffrey M. Doud
   Meghan M. Doud
2  Timothy W. McKeon
   McKEON DOUD, P.C.
3  60 Four Mile Drive, Suite 11
   Post Office Box 7878
4  Kalispell, Montana 59904
   Telephone: (406) 755-7600
5  Facsimile: (406) 755-7670
   *Attorneys for Plaintiffs*

6

7           **IN THE UNITED STATES DISTRICT COURT**
                  **DISTRICT OF MONTANA**
8                   **BUTTE DIVISION**

9  **BEST RATE TOWING & REPAIR,**
   **INC.**, a Montana corporation; **BEST**
10 **RATE DIESEL REPAIR, INC.**, a      Cause No. CV-10-38-BU-SEH-RKS
   Montana corporation; **TREASURE**
11 **STATE FINANCIAL SERVICES,**
   **INC.**, a Montana corporation; **THE**
12 **PLUMBER, INC.**, a Montana
   corporation; **WILD ABOUT PETS,**
13 **INC.**, a Montana corporation; and
   **DALY DOG CARE, INC.**, a Montana
14 corporation, on behalf of themselves and
   all others similarly situated,
15
              Plaintiffs,
16
       vs.                                **CLASS ACTION COMPLAINT**
17                                            **AND JURY DEMAND**
   **ZIPLOCAL, L.P., f/k/a PDC PAGES**,
18 a Deleware limited partnership
   operating under the assumed business
19 name **PHONE DIRECTORIES**
   **COMPANY OF MONTANA**,
20
              Defendant.
21

22         **COME NOW**, Plaintiffs, by and through their undersigned attorneys, on their

   own behalf and on behalf of all others similarly situated, bring this action as follows:
23
                    **JURISDICTION AND VENUE**
24
   1.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (The
25
           Class Action Fairness Act) because, upon information and belief, the matter in
26
27 *Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*     *McKEON DOUD, P.C.*
                                                                              *Post Office Box 7878*
                                                                              *Kalispell, Montana 59904*
28                                                                            *Telephone:(406) 755-7600*

controversy exceeds $5,000,000.00 exclusive of costs and interest, and more than two-thirds of the members of the Class reside in a state that is different than the state where Defendant resides.

2.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in and suffered damages as a result of Defendant's conduct within this District.  All of the negligent or fraudulent acts and transactions giving rise to this Complaint occurred in this District.   Finally, Defendant: 1) is duly authorized to transact business in the State of Montana; 2) has purposefully availed itself of the laws and markets of the State of Montana through the promotion, marketing, and sale of advertising for its six regional phone directories that are distributed throughout the State of Montana.  Defendant maintains sufficient contacts within the State of Montana through its sales and marketing offices.  Defendant is subject to personal jurisdiction in the State of Montana.

## PARTIES

3.   At all material times herein, Plaintiff, Best Rate Towing & Repair, Inc. was a Montana corporation registered with the Montana Secretary of State and duly authorized to transact business in the State of Montana, with its principle place of business in Bozeman, Montana.

4.   At all material times herein, Plaintiff, Best Rate Diesel Repair, Inc. was a Montana corporation registered with the Montana Secretary of State and duly authorized to transact business in the State of Montana, with its principle place of business in Bozeman, Montana.

5.   At all material times herein, Plaintiff, Treasure State Financial Services, Inc. was a Montana corporation registered with the Montana Secretary of State and

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

1   duly authorized to transact business in the State of Montana, with its principle

2   place of business in Missoula, Montana.

3   6.   At all material times herein, Plaintiff, The Plumber, Inc. was a Montana

4   corporation registered with the Montana Secretary of State and duly authorized

5   to transact business in the State of Montana, with its principle place of business

6   in Stevensville, Montana.

7   7.   At all material times herein, Plaintiff, Wild About Pets, Inc. was a Montana

8   corporation registered with the Montana Secretary of State and duly authorized

9   to transact business in the State of Montana, with its principle place of business

10   in Hamilton, Montana.

11   8.   At all material times herein, Plaintiff, Daly Dog Care, Inc. was a Montana

12   corporation registered with the Montana Secretary of State and duly authorized

13   to transact business in the State of Montana, with its principle place of business

14   in Hamilton, Montana.

15   9.   At all material times herein, Defendant, ZipLocal, L.P. f/k/a/ Phone Directory

16   Company, was a Delaware limited partnership with its principal place of

17   business in Orem, Utah.  Defendant is registered with the Montana Secretary

18   of State and duly authorized to transaction business in the State of Montana.

19   10.   At all material times herein, Defendant transacted business in the State of

20   Montana by soliciting individuals and business owners to purchase advertising

21   in one or more of its six regional telephone directories distributed throughout

22   the State of Montana.

23   ## FACTUAL BACKGROUND

24   11.   Plaintiffs reassert and incorporate by reference all of the allegations set forth

25   in paragraphs 1 through 10 above.

26

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

27

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

28

12. Defendant is in the business of publishing telephone book directories covering six geographical regions in Montana: Billings, Bitterroot, Bozeman, Butte, Flathead Country, and Missoula County.

13. Upon information or belief, Defendant has published its Bitterroot directory for approximately twenty (20) years.

14. Upon information or belief, Defendant has published its Billings, Bozeman, and Butte directories for approximately five (5) years.

15. Upon information and belief, Defendant has published its Missoula and Flathead directories for approximately six (6) years.

16. According to the maps published by Defendant, each directory allegedly covers the individual namesake city and surrounding areas.

17. As part of its operation, Defendant publishes a "yellow pages" section to its directories which consists of printed advertisements purchased by individuals and business owners.

18. Defendant solicited Plaintiffs to purchase advertising space within their respective geographical or surrounding directories.

19. Defendant presented a wide array of advertising options to include anything from a simple bold heading to a full-page advertisement or premium advertisement located on a highly visible space on the directory (e.g. front cover, back cover, spine, etc.).

20. Plaintiffs purchased advertising space in some of Defendant's Montana telephone directories.

21. Upon information and belief, Defendant engaged in a business practice wherein it, by and through its sales representatives, would represent the

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

distribution area of a particular directory by showing the prospective advertiser a map of the geographic areas where the directory would be distributed.

22. Upon information or belief, Defendant specifically informed its salespersons to not give purchasers of advertising any specific figures as to the number of books printed or the number of books circulated/distributed through the particular geographical region.

23. Through this scheme, Defendant would represent or imply through its distribution maps, that directories would be distributed to one hundred percent, or as close as practical thereto, of the households and businesses in the geographical area represented on its distribution maps.

24. Defendant made representations, through its sundry materials, that the directories were "delivered door-to-door, free of charge to businesses & households in the mapped coverage area."

25. Based on Defendant's maps and representations, Plaintiffs reasonably believed that Defendant would distribute directories to one-hundred percent (100%), or as close as practical thereto, of the businesses and households located within the geographical region.

26. Beginning in 2009, Defendant would distribute directories to substantially less than one hundred percent of the households and businesses located in the represented geographical area of the directory.

27. In fact, public records show that while populations in the respective geographical regions stayed relatively level, Defendant generally continued to print fewer and fewer directories.

28. Between 2008 ad 2010, Defendant's distribution in the Billings region dropped from 106,000 to 87,000 books.

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

29.  Between 2008 and 2010, Defendant's distribution in the Bitterroot region dropped from 32,000 to 23,000 books.

30.  Between 2008 and 2010, Defendant's distribution in the Bozeman region dropped from 76,000 to 26,000 books.

31.  Between 2008 and 2010, Defendant's distribution in the Butte region dropped from 44,000 to 33,000 books.

32.  Between 2008 and 2010, Defendant's distribution in the Flathead region dropped from 73,000 to 49,000 books.

33.  Between 2008 and 2010, Defendant's distribution in the Missoula region dropped from 66,000 to 43,000.

34.  Defendant fraudulently concealed, from both past or prospective advertisement purchasers, the actual number of books that it was distributing.

35.  In some instances, no directories were distributed to any households or businesses within entire cities or towns located in the geographical region, as represented by Defendant through its distribution maps.

36.  Due to Defendant's failure to distribute, Plaintiffs' advertisements were not seen by large portions of the population, thereby minimizing the impact of Plaintiffs' advertisements.

38.  Defendant never informed Plaintiffs, or any other advertisement purchasers, of the severe drop in the number of books distributed throughout each geographical region.

39.  Upon information and belief, Defendant never refunded any monies to or credited the accounts of the purchasers of advertising based on the actual geographical percentage of distribution.

40.  As a result, Plaintiffs suffered damages.

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

## CLASS ACTION ALLEGATIONS

41. Plaintiffs reassert and incorporate by reference the allegations set forth in paragraphs 1 through 40 above.

42. Plaintiffs bring this action on behalf of themselves and on behalf of all members of the following class: "all persons or businesses that purchased advertising to be printed in one or more of Defendant's six Montana regional telephone directories to be printed in Defendant's 2009 and 2010 directories."

43. Like Plaintiffs, all members of the Class purchased advertising from Defendants to be printed in one or more of Defendant's six Montana directories.

44. Like Plaintiffs, all members of the Class were never given a specific figure as to the number of books distributed throughout the Montana geographical regions.

45. Like Plaintiffs, all members of the Class were shown maps, created and produced by Defendant or its agent(s), representing the distribution and coverage areas where Defendant's directories were supposedly being distributed.

46. Irrespective of any otherwise applicable statute of limitations, due to the fraudulent concealment alleged herein, the Class Period commences in 2008, at or about the time that Defendant's employees started misrepresenting the distribution areas and runs to the present.

47. Plaintiffs do not know the exact number of Class members, because such information is in the exclusive custody and control of Defendant, but reasonably believe, upon information and belief, that the class consists of more than 1,000 members statewide.

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

Page 7 of 16

48.    Due to the nature of the trade and commerce involved, the Class members here are sufficiently numerous and geographically dispersed throughout the State, so that the joinder of all Class members is impracticable.

49.    Except as to the amount of damages each member of the Class has sustained, as to which there is considerable commonality or readily quantifiable differences, all other questions of law and fact are completely common to the Class, including but not limited to:

a.    whether Defendant was negligent in their dealings with past and prospective advertisement purchasers;

b.    whether Defendant breached the individual contracts it entered into with each member of the Class;

c.    whether Defendant breached the implied covenant of good faith and fair dealing contained within every contract entered into in the State of Montana;

d.    whether Defendant committed fraud by falsely representing or implying a one-hundred percent distribution to each household and business located within the represented geographical area to each Class member;

e.    whether Defendant committed constructive fraud by falsely representing or implying a one-hundred percent distribution to each household and business located within the represented geographical area to each Class member;

f.    whether Defendant committed deceit by falsely representing or implying a one-hundred percent distribution to each household and business located within the represented geographical area to each Class member; and

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

g.      whether Defendant negligently misrepresented the actual geographical distribution of the directories.

50.     Plaintiffs are members of the Class. Plaintiffs' claims are typical of the claims of all Class members. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are typical purchasers of advertising space within the telephone book directory compiled by Defendant and their interests are coincident with and not antagonistic to those of the other members of the Class. In addition, Plaintiffs are represented by counsel who are competent and experienced in the prosecution of cases involving the claims asserted herein.

51.     The prosecution of separate claims by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant, and would exhaust a considerable amount of the Courts' time.

52.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

53.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly-situated persons or businesses to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of claims by many Class members who could not afford, individually, to litigate claims such as the ones asserted in this Complaint. This class action likely presents no

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

difficulties in management that would preclude maintenance as a class action. Finally, the Class is readily ascertainable.

## COUNT I
### Fraud

54.  Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 53 above.

55.  Defendant made representations to Plaintiffs that directories would be distributed to all households and businesses in the coverage area as depicted in Defendant's "distribution and coverage" maps.

56.  Defendant's representations were false.

57.  Defendant's representations were material.

58.  Defendant either knew its representations were false or was ignorant of whether its representations were true.

59.  Defendant intended Plaintiffs would rely upon its representations.

60.  Plaintiffs were ignorant of the falsity of Defendant's representations.

61.  Plaintiffs relied on Defendant's representations.

62.  Plaintiffs had a right to rely on Defendant's representations.

63.  Plaintiffs suffered damages as a direct and proximate result of their reliance upon Defendant's representations.

64.  By acting as alleged herein, Defendant acted with actual malice and/or committed actual fraud within the meaning of § 27-1-221, M.C.A., thus entitling Plaintiffs to punitive damages in an amount sufficient to deter others from engaging in similar misconduct.

/ / /

/ / /

/ / /

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*     *McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

## COUNT II
### Constructive Fraud

65.    Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 64 above.

66.    Defendant breached the duties it owed to Plaintiffs by representing that it would distribute directories to all of the households and businesses located within its mapped "distribution and coverage" area.

67.    Defendant's breach misled Plaintiffs to Plaintiffs' detriment.

68.    Defendant's misrepresentation resulted in an advantage to Defendant.

69.    Plaintiffs suffered damages as a direct and proximate result of Defendant's actions.

## COUNT III
### Deceit

70.    Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 69 above.

71.    Defendant willfully deceived Plaintiffs with the intent to induce them to alter their position to Plaintiffs' injury and Defendant's benefit.

72.    Defendant deceived Plaintiffs by:

     a)    suggesting that it would distribute its telephone directories, containing Plaintiffs' advertisements, throughout its mapped coverage and distribution area; OR

     b)    making a promise without any intention of performing it.

73.    Plaintiffs suffered damages as a direct and proximate result of Defendant's deceit.

/ / /

/ / /

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*      *McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

## COUNT IV
### Negligent Misrepresentation

74.   Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 73 above.

75.   Defendant made representations to Plaintiffs that its directories would be distributed to all households and businesses in the mapped "distribution and coverage" areas in their respective geographical region.

76.   Defendant's representations were untrue.

77.   Regardless of its actual belief, Defendant made the representations without any reasonable grounds for believing them to be true.

78.   Defendant made the representations with the intent to induce Plaintiffs to rely on them.

79.   Plaintiffs were unaware of the falsity of the representations and were justified in relying upon Defendant's representations.

80.   Plaintiffs have suffered damages as a direct and proximate result of their justifiable reliance on Defendant's misrepresentations.

## COUNT V
### Negligence

81.   Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 80 above.

82.   Defendant owed Plaintiffs a duty of reasonable care when soliciting past and prospective clients to purchase advertising space in their geographical telephone directories.

83.   Defendant breached said duty by failing to truthfully disclose the actual number of telephone directories being distributed in the coverage area.

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

84. As a result of Defendant's breach of the duty it owed to Plaintiffs, Plaintiffs have suffered damages in an as-of-yet undetermined amount.

85. Defendant's breach was a direct and proximate result of Plaintiffs' damages.

## COUNT VI
### Breach of Contract

86. Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 85 above.

87. Plaintiffs and Defendant entered into contracts wherein Plaintiffs purchased advertising space in Defendant's directories for a particular sum of money as agreed upon by the parties and, in return, Defendant promised to print and distribute telephone directories to all of the households and businesses in the represented "distribution and coverage" area.

88. Defendant breached the contract by failing to print enough books to distribute one to each and every household and business located within the represented "distribution and coverage" area.

89. Moreover, Defendant breached these contracts by failing to inform Plaintiffs that directories would be distributed to substantially less than one-hundred percent of the households and businesses in the mapped "distribution and coverage" area.

90. Defendant's breach was material.

91. Plaintiffs suffered damages as a direct and proximate cause of Defendant's breach of the aforementioned contracts.

## COUNT VII
### Breach of the Implied Covenant of Good Faith and Fair Dealing

92. Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 91 above.

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

93.   Pursuant to § 28-1-211, M.C.A., every contract contains an implied covenant of good faith and fair dealing.

94.   The conduct required by the implied covenant of good faith and fair dealing is honesty in fact and observance of reasonable commercial standards of fair dealing in the trade.

95.   Defendant breached the implied covenant of good faith and fair dealing by: 1) making representations that caused a false belief in Plaintiffs' minds that Defendant would distribute directories to one-hundred percent of the households and businesses in the mapped "distribution and coverage" areas; and 2) failing to disclose to Plaintiffs the actual number of directories printed and distributed in the geographical regions.

96.   Plaintiffs have suffered damages as a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing.

## COUNT VIII
## Vicarious Liability

97.   Plaintiffs reassert and incorporate by reference all of the allegations set forth in paragraphs 1 through 96 above.

98.   Pursuant to § 28-10-602, MCA, a principal is responsible to third persons for the negligent acts of its agent(s) in a transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for the agent's willful omission to fulfill the obligations of the principal.

99.   Based upon information and belief, all of the above-mentioned wrongful acts and/or omissions were conducted by Defendant's agents while acting wholly within their authority as an agent for Defendant.

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*          *McKEON DOUD, P.C.*
                                                                                 *Post Office Box 7878*
                                                                                 *Kalispell, Montana 59904*
                                                                                 *Telephone:(406) 755-7600*

100.   Therefore, Defendant is responsible for the wrongful acts and/or omissions of its agent(s), and any damages resulting therefrom.

**WHEREFORE**, Plaintiffs pray for damages as follows:

1.   For an award of any and all special damages arising out of the claims set forth above;

2.   For an award of general damages in an unspecified amount to be determined at the time of trial;

3.   For an award of punitive damages, pursuant § 27-1-221, M.C.A. in an amount sufficient to deter Defendant and others from similar conduct;

4.   For all costs incurred as a result of this litigation;

5.   For an award of both pre-judgment interest and post-judgment interest;

6.   For their attorney fees, if applicable; and

7.   For such other just and equitable relief that this Court deems necessary and proper.

DATED this __5th__ day of August, 2010.

McKEON DOUD, P.C.


By: /s/ Jeffrey M. Doud

Jeffrey M. Doud

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

## DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiffs, in the above-entitled matter, and hereby demand that the issues of fact herein be tried before a jury.

McKEON DOUD, P.C.


By:   /s/ Jeffrey M. Doud
          Jeffrey M. Doud

*Complaint - Best Rate Towing & Repair, Inc. et al. v. Ziplocal, L.P.*          *McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

Page 16 of 16